IN THE MATTER OF THE PETITION OF WRIGHT HALL, TRUSTEE OF THE ESTATE OF EDGAR HATFIELD.

*Trust — when invalid — only the trustee of an express trust can apply to the court for leave to resign.*

One Hatfield executed an instrument under seal, whereby he sold and conveyed all his property, both real and personal, to one. Hall, "in trust, nevertheless, for my use, benefit and advantage; that is to say, the said Wright Hall shall manage and control the same in his discretion, and shall, from time to time, give me therefrom such sum or sums as I may need or require, and he shall deem reasonable and prudent, for my comfort, support and interest, and shall pay therefrom such debts as I may contract and desire him to pay, and he shall deem it just and prudent to pay." Thereafter Hall, having received money upon the sale of real estate belonging to Hatfield, applied by petition for leave to resign the trust and for the appointment of a successor.

*Held,* that as the trust was not authorized by the Revised Statutes, Hall was not a trustee within the meaning of the statute (1 R. S., 730, § 69) authorizing the court to accept the resignation of a trustee.

That the application should be denied, and the money in Hall's hands be ordered paid over to Hatfield, as being his property.

APPEAL from an order made at Special Term, relieving and discharging the petitioner from his office of trustee.

On June 28, 1877, one Edgar Hatfield executed and delivered to one Wright Hall an instrument, under seal, whereby he sold, assigned, conveyed and set over unto him "all my property, both real and personal, and all my rights in action, equitable interests and effects of every name, nature and kind, to have and to hold unto the said Wright Hall forever, in trust, nevertheless, for my use, benefit and advantage; that is to say, the said Wright Hall shall manage and control the same in his discretion, and shall, from time to time, give me therefrom such sum or sums as I may need or require, and he shall deem reasonable and prudent, for my comfort, support and interest, and shall pay therefrom such debts as I may contract and desire him to pay, and he shall deem it just and prudent to pay. And I hereby nominate, constitute and appoint the said Wright Hall my true and lawful attorney, irrevocable, to do or perform all acts and things pertaining to my property which he shall deem it right, just, wise and prudent to do for my interest

and advantage, without interference or molestation on my part; and I hereby ratify and confirm all my said attorney may do in the premises."

On June 4, 1880, Hall, having theretofore received the sum of $1,444.51 for the sale of an interest owned by Hatfield in a farm, applied to the court to have his accounts passed and to be discharged from his duties as trustee.

*I. T. Williams*, for Edgar Hatfield, appellant.

*M. M. Silliman*, for the trustee, respondent.

BARNARD, P. J.:

The petitioner was not a trustee of an express trust under 1 R. S., 728, § 55. Edgar Hatfield conveyed to Hall all his property, both real and personal, " in· trust, nevertheless, for my use, benefit and advantage." Hall was to manage and control the estate " in his discretion, and shall, from time to time, give me therefrom such sum or sums as I may need or require and he shall deem reasonable and prudent for my comfort, support and interest, and shall pay therefrom such debts as I may contract and desire him to pay, and he shall deem it just and prudent to pay." This trust is within neither of the four classes of trusts authorized by section 55. The section (1 R. S., 730, § 69) which permits a court of chancery to accept a resignation of a trustee upon his petition, has reference only to such trusts as are known, as express, under the statute.

As between the parties to the deed the order should not be upheld. There being no legal express trust the money belonged to Edgar Hatfied and should have been paid to him.

The order should be modified, without costs, and money ordered to be paid to Edgar Hatfield.

GILBERT, J., concurred; DYKMAN, J., not sitting.

Order so modified as to direct the money to be paid to Edgar Hatfield; order to be settled by BARNARD, P. J.